IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SANDRA JAMISON and
THOMAS JAMISON,

        Plaintiffs,

v.                                                     No. CIV 98-1004 BB/RLP

STATE FARM GENERAL
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING REMAND

**THIS MATTER** came before the Court on Plaintiffs' motion to remand, and the Court having reviewed the complaint and briefs of counsel, and being duly informed, FINDS the motion is not well taken and it will be DENIED.

## Facts

Plaintiffs filed their complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on May 22, 1998. Defendant, State Farm General Insurance, removed this action to the United States District Court for the District of New Mexico on August 20, 1998.

**Based on New Mexico Rule of Civil Procedure 10, Plaintiffs' complaint fails to specify the amount sought in damages but does makes the following claims:**

    a.    **Damages for breach of contract (Count I), failure to provide benefits under the insurance policy (Count II), breach of a fiduciary duty (Count III), common law and statutory bad faith (Count V) and misrepresentation (Count VI). (Complaint, paragraphs 24, 29, 34, 43)**

    b.    **The Plaintiffs allege they are entitled to damages including "the higher cost of (a) replacement policy, the reduced amount of recovery as a result of opening eleven claims, attorney fees, and other miscellaneous damages. (Complaint, paragraph 53)**

    c.    **Damages for infliction of emotional distress. (Complaint, paragraph 39)**

    d.    **Attorneys fees, under NMSA 1978, § 38-2-1 and § 59A-16-1 *et seq*. (1991 Supp.). (Complaint, paragraphs 55 and 56)**

    e.    **Punitive damages. (Complaint, paragraph 58)**

**At paragraph 5, State Farm's notice of removal states, "Although the Defendant disputes the Plaintiff's claims, the Plaintiff asserts that he is entitled to an amount in excess of $75,000, and therefore the amount in controversy exceeds the jurisdictional minimum amount set forth in 28 U.S.C. § 1332(a)."**

## Discussion

**When the plaintiff originally files the complaint in federal court, it bears the burden of establishing jurisdictional amount to a "legal certainty." *KVOS, Inc. v.***

*Assoc. Press*, 299 U.S. 269 (1936); *Gibson v. Jeffers*, 478 F.2d 216 (10th Cir. 1973). When the case is removed, however, it is the defendant's burden to establish the amount in controversy. *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). If, as in the present case, the plaintiff's complaint does not allege determinate damages, the defendant's burden is only one of reasonable probability. *Chase v. Shop N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997). When a state court complaint is indeterminate, the federal court must assess the claims to evaluate whether the claims support jurisdiction. *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986).

As noted above, Plaintiffs seek compensatory damages for (1) breach of contract, (2) failure to provide insurance benefits, (3) breach of fiduciary duty, (4) bad faith, and (5) misrepresentation. If Plaintiffs are successful on any of these claims, a jury could conceivably award an amount in excess of the jurisdictional minimum. In addition, however, Plaintiffs also seek attorneys' fees and punitive damages.

Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction. *In re Abbott Lab.*, 51 F.3d 524 (5th Cir. 1995); 14A CHARLES

A. WRIGHT, ARTHUS R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (2d ed. 1985). New Mexico law provides for attorneys' fees on allegations of violations of the New Mexico Insurance Code of the type contained in this complaint. NMSA 1978, § 59A-16-30 (1995 Supp.). Based on this Court's involvement with similar claims, it does not appear at all unlikely that, if successful, Plaintiffs' counsel will also seek attorneys' fees approaching the $75,000 jurisdictional amount.

In addition to compensatory damages and attorneys' fees, Plaintiffs are seeking punitive damages. Like attorneys' fees, punitive damages must be considered in ascertaining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238 (1943); *Suber v. Chrysler Corp.*, 104 F.3d 578 (3$^d$ Cir. 1997). If the jury believes, as Plaintiffs allege, that State Farm "acted outrageously, fraudulently, oppressively and maliciously," and it intentionally inflicted "unjust and cruel hardship and severe emotional distress" upon Plaintiffs, the punitive damage award, alone, could easily exceed the jurisdictional amount.

Further, Plaintiffs have apparently refused to stipulate that they are not seeking damages in excess of $75,000. Although courts have noted that a refusal to so stipulate "does not, of itself, establish the requisite amount in controversy,"

*Grame v. Millar Elevator Co.*, 3 F. Supp. 2d 1082, 1984 (E.D. Mo. 1998), trial courts from a variety of jurisdictions have considered a plaintiff's unwillingness to stipulate to damages less than the jurisdictional minimum as a significant factor in determining whether remand is appropriate. *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751 (M.D. La. 1993); *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993); *Callaway v. BASF Corp.*, 810 F. Supp. 191 (S.D. Tex. 1993); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989); *Kelderman v. Remington Arms Co., Inc.*, 734 F. Supp. 1527 (S.D. Iowa 1990); *Hendrickson v. Xerox Corp.*, 751 F. Supp. 175 (D. Or. 1990). Indeed, some courts have refused to remand unless the plaintiff is willing to stipulate it will not seek or accept judgment in excess of the jurisdictional minimum. *See, e.g., Matney v. Wenger Corp.*, 957 F. Supp. 942 (S.D. Tex. 1997); *Cotton States Mut. Ins. Co. v. Peacock*, 949 F. Supp. 823 (M.D. Ala. 1996).

Finally, if it is unclear from the complaint whether plaintiffs are seeking the requisite amount in controversy, the court may consider attorney affidavits and other evidence to determine the amount in controversy. *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994); WRIGHT, MILLER & COOPER, *supra* at 70. In the present

case, Defendant's attorney, Terry R. Guebert, filed an affidavit setting forth the factual basis for his conclusion "that the damages asserted by the Plaintiffs in their Complaint, if accepted by the jury, will be well in excess of $75,000." In addition to detailing the events surrounding the refusal of Plaintiffs' counsel to stipulate they were seeking less than $75,000, Guebert concludes that based on his experience litigating personal injury cases for approximately two decades, attorneys' fees are likely to be "well in excess of $75,000" and the punitive damages awarded by a jury "could exceed seven figures." Plaintiffs fail to factually challenge these averments.

## O R D E R

For the above stated reasons, Plaintiffs' motion to remand is DENIED.

Dated at Albuquerque this 7th day of December, 1998.

                                **BRUCE D. BLACK**
                                **United States District Judge**

**Counsel for Plaintiffs:**

    Donald G. Gilpin, M. J. Keefe, Albuquerque, NM

**Counsel for Defendant:**

    Terry R. Guebert, Don Bruckner, Guebert & Yeomans, Albuquerque, NM